UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-2504(DSD/HB)

Tyler Armstrong, as Trustee for
the Next-of-Kin of Terrance W.
Armstrong, Deceased, and
Joshua McCaskey, as Trustee for
the Next-of-Kin of Kari Jo
Armstrong, Deceased,

      Plaintiffs,

v.                                                    **ORDER**

Sumitomo Rubber USA, LLC f/k/a
Goodyear Dunlop Tires
North America, LTD.; The
Goodyear Tire & Rubber
Company, and Harley
Davidson, Inc.,

      Defendants.


    Robert H. George, Esq. and Hilliard Munoz Gonzales, L.L.P. 719 S. Shoreline, Suite 500, Corpus Christi, TX 78401 and Markus C. Yira, Esq. and Yira Law Office, Ltd, P.O. Box 518 Hutchinson, MN 55350, counsel for plaintiffs.

    Clark W. Hedger Esq. and Greensfelder, Hemker & Gale, P.C., 10 South Broadway, Suite 2000, St. Louis, MO 63110 and Mark A. Solheim, Esq. and Larson King, LLP 30 East 7th St. Suite 2800 St Paul, MN 55101, counsel for defendant Sumitomo Rubber.

    Brian N. Johnson, Esq. and Nilan Johnson Lewis PA, 120 South 6th Street, Suite 400, Minneapolis, MN 55402 and Steven I. Klein, Esq. and Rumberger, Kirk & Caldwell, 300 South Orange Avenue, Suite 1400 Orlando, FL 32801, counsel for defendant Harley-Davidson.

This matter is before the court upon the motions to dismiss by defendants Sumitomo Rubber USA, LLC, f/k/a Goodyear Dunlop Tires North America, Ltd., The Goodyear Tire & Rubber Company, and Harley-Davidson, Inc.[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the motions are granted.

## BACKGROUND

This product liability case arises from the deaths of Terrence W. Armstrong and Kari Jo Armstrong. On or about April 10, 2009, the Armstrongs installed a Dunlop D402 tire on their 2000 Harley-Davidson Ultra Classic motorcycle. Compl. ¶¶ 10, 14, 17. On July 4, 2013, the Armstrongs were killed while riding the motorcycle. Id. ¶¶ 18, 19. Plaintiffs Tyler Armstrong, as trustee for the next-of-kin of Terrance W. Armstrong, and Joshua McCaskey, as trustee for the next-of-kin of Kari Jo Armstrong, allege that the tire "catastrophically deflated, causing a loss of control and crash of the Motorcycle." Id. ¶ 19.

In August 2014, plaintiffs filed a suit in Hennepin County against Goodyear Dunlop Tires North America, Ltd., alleging that the tire was defective and the cause of the accident. A few months

---

[1] Unless a finer distinction is required, the court will refer to Sumitomo Rubber USA, LLC, f/k/a Goodyear Dunlop Tires North America, Ltd., The Goodyear Tire & Rubber Company collectively as the "Goodyear defendants."

later, plaintiffs voluntarily dismissed the suit without prejudice.

Then, on July 5, 2016, plaintiffs initiated a new Hennepin County lawsuit, alleging design defect, manufacturing defect, breach of express warranty, breach of implied warranty, negligence, misrepresentation, and fraud against the Goodyear defendants, and failure to warn, marketing defect, and negligence against Harley Davidson.[2]  Defendants timely removed and now move to dismiss the complaint.

## DISCUSSION

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative

---

[2]   Plaintiffs have withdrawn their claim that defendants violated the false advertising act, consumer fraud act, unlawful trade practices act, and uniform deceptive trade practices act.

level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6).  Fed. R. Civ. P. 12(d).  The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings."  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted).  Here, the materials submitted by the parties are properly considered by the court.

**II. Statute of Limitations**

The issue before the court is narrow.  Plaintiffs concede that they filed the instant complaint after the expiration of the applicable statute of limitations, but argue that the statute should be tolled on the basis of fraudulent concealment.  Under Minnesota law, a "defendant's fraudulent concealment tolls the statute of limitations until the plaintiff discovers or has reasonable opportunity to discover the concealed facts."  Doe v. Order of St. Benedict, 836 F. Supp. 2d 872, 876 (D. Minn. 2011) (citing Hydra-Mac, Inc. v. Onan Corp., 450 N.W.2d 913, 918 (Minn. 1990)).  To establish fraudulent concealment, plaintiffs must plead facts sufficient to show that:  (1) defendants engaged in a course of conduct to conceal evidence of their alleged wrongdoing and (2)

plaintiffs failed to discover the facts giving rise to their claim despite the exercise of due diligence. Block v. Toyota Motor Corp., 5 F. Supp. 3d 1047, 1059 (D. Minn. 2014); see also Williamson v. Prasciunas, 661 N.W.2d 645, 650 (Minn. Ct. App. 2003). The concealment "must be fraudulent or intentional and, in the absence of a fiduciary or confidential relationship, there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." Wild v. Rarig, 234 N.W.2d 775, 795 (Minn. 1975) (citation omitted). "[M]ere silence" or a "failure to disclose" is not affirmative concealment. Id.

Plaintiffs acknowledge that the allegations in the complaint are insufficient to support a finding of fraudulent concealment and request leave to file an amended complaint. As a procedural matter, the court must deny plaintiffs' request because they have failed to submit a proposed amended complaint. See D. Minn. LR 15.1(b) (requiring a "copy of the proposed amended pleading"); see also In re 2007 Novastar Fin. Inc., Sec. Litig., 579 F.3d 878, 884 (8th Cir. 2009) (alteration in original) (citation and internal quotation marks omitted) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").

Even if plaintiffs had provided an amended complaint, however, they have failed to identify facts to support a finding of

5

fraudulent concealment.  Plaintiffs argue that defendants fraudulently concealed their wrongdoing by denying liability in two previous lawsuits (filed in 2008 and 2009) and by not responding to a 2011 consumer complaint filed with the National Highway Traffic Safety Administration (NHTSA).[3]  See George Decl. Exs. A-I.  These facts do not demonstrate that defendants concealed any evidence, let alone evidence of wrongdoing.  Further, it is well established that "denial of liability alone is ... not fraudulent concealment." Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 878 (8th Cir. 2000).

Plaintiffs have also failed to establish that they exercised due diligence in attempting to discover facts to support their claim.  The previous lawsuits and NHTSA claim had been publicly available for several years before plaintiffs filed their first action in 2014.  Plaintiffs do not assert, nor can they, that defendants did anything to prevent plaintiffs from learning about the alleged tire defect sooner.  Further, plaintiffs voluntarily dismissed their initial action, which was timely, and, for reasons not explained to the court, delayed refiling until after the limitations period had expired.  Plaintiffs do not suggest that defendants somehow hindered their ability to file a timely claim. Under these circumstances, plaintiffs cannot meet their burden of

---

[3] Plaintiffs also reference a "myriad" of news stories about tire failure, but provide no specific information about those stories or how they establish fraudulent concealment.

6

demonstrating due diligence. As a result, their claim is untimely and must be dismissed.

Because plaintiffs' complaint is barred by the statute of limitations, the court need not consider the alternative bases for dismissal raised by defendants.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The Goodyear Defendants' motion to dismiss [ECF No. 11] is granted;

2. Harley-Davidson's motion to dismiss [ECF No. 16] is granted;

3. Plaintiffs' request to file an amended complaint is denied; and

4. This matter is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 18, 2016

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court